UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JAMAL SANDERS,

        Plaintiff,

v.                                   CASE NO. 10-12846
                                   HONORABLE GERALD E. ROSEN
PRISONER HEALTH SERVICES, INC.,  MAGISTRATE JUDGE KOMIVES
RICHARD HALLWORTH,
LAWRENCE H. POMEROY, and
DR. HARESH B. PANDYA,

        Defendants.
_____/

## **ORDER OF PARTIAL DISMISSAL**

### **I. Introduction**

Plaintiff Howard Jamal Sanders has filed a *pro se* civil rights complaint for money damages pursuant to 42 U.S.C. § 1983. On July 20, 2010, when Plaintiff filed his lawsuit, he was an inmate at Mound Correctional Facility in Detroit, Michigan. In an amended complaint filed on August 6, 2010, Plaintiff alleges that he was discharged from prison on July 27, 2010.

The defendants are: Prisoner Health Services, Inc. (PHS), and its President, Richard Hallworth of Brentwood, Tennessee; Lawrence H. Pomeroy, who is the President of the State Corrections Division of PHS; and Dr. Haresh B. Pandya, who is a Regional Medical Officer for PHS. Defendant Pomeroy maintains an office in Lansing, Michigan, and defendant Pandya has offices in Ionia and Lansing, Michigan. Plaintiff is suing the defendants in their personal and official capacities.

The complaint and attachments allege that Plaintiff requested health care services earlier

this year while he was incarcerated, but his requests were not granted. Specifically, Plaintiff asked to see a doctor regarding pain in his leg. He also wanted to have his teeth cleaned, and he requested that prescription eyeglasses on order at Kinross Correctional Facility be shipped to him at a Detroit prison, following an institutional transfer. In addition, Plaintiff alleges that when he was able to see a nurse about his foot, he was required to expose his foot in the health care lobby of a correctional facility while other prisoners were present.

Plaintiff states that he did not see a doctor, have his teeth cleaned, or receive his prescription eyeglasses before being discharged from prison. He claims that (1) he was denied timely health care services, (2) the services that he did receive were inhumane, and (3) he suffered pain and emotional distress as a result of the defendants' negligence and incompetence.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint (or any portion of it) against a governmental entity, officer, or employee if the allegations (1) are frivolous, malicious, or fail to state a claim for which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal and end citations

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations and footnote omitted). "To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)).

### III. Discussion

The pending complaint does not allege what defendants Richard Hallworth, Lawrence H. Pomeroy, and Haresh B. Pandya did to violate Plaintiff's civil rights. This is fatal to Plaintiff's claim for relief from those defendants, because "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). The complaint must "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Id*. (emphasis in original).

None of the individual defendants in this case appear to be the persons who allegedly deprived Plaintiff of timely health care services, violated his right to privacy, provided inhumane services, or caused his pain and suffering. This leads the Court to believe that Plaintiff is suing the individual defendants on a *respondeat superior* theory of liability. Vicarious liability, however, is not a basis for relief under § 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95

3

(1978)); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

## IV. Conclusion

Plaintiff has failed to state a claim against Richard Hallworth, Lawrence H. Pomeroy, and Haresh B. Pandya. Accordingly, those three defendants are summarily **DISMISSED** from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff has stated an arguable claim against defendant PHS. Accordingly, the United States Marshal is **ORDERED** to serve the appropriate papers on PHS without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service. Plaintiff shall serve a copy of all future documents on PHS or on defense counsel if legal counsel represents PHS. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to PHS or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

        s/Gerald E. Rosen  
        GERALD E. ROSEN  
        CHIEF UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was served upon Howard Jamal Sanders, 3737 Lawton, #114-B, Detroit, MI 48208 on August 30, 2010, by ordinary mail.

        s/Ruth A.Gunther  
        Case Manager  
        (313) 234-5137