UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JAMAL SANDERS,

    Plaintiff,

v.

    CASE NO. 2:10-CV-12846
    CHIEF JUDGE GERALD E. ROSEN
    MAGISTRATE JUDGE PAUL J. KOMIVES

PRISON HEALTH SERVICES, INC.,
et al,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT PRISON HEALTH SERVICES, INC.'S MOTION TO COMPEL (docket #54)

Plaintiff Howard Jamal Sanders, a state prisoner, commenced this action on July 20, 2010, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to provide: (1) timely treatment for foot pain; (2) a scheduled dental appointment; and (3) prescription eyeglasses. Plaintiff filed a substantively identical amended complaint on August 6, 2010. Meanwhile, on August 5, 2010, Magistrate Judge Whalen entered an Order granting plaintiff's application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). The Court subsequently entered an Order of Partial Dismissal, dismissing plaintiff's claims against defendants Richard Hallworth, Lawrence H. Pomeroy, and Harest B. Pandya. The remaining defendants are the Michigan Department of Corrections (MDOC) and Prisoner Health Services, Inc. (PHS).[1]

As relevant to the matter currently before the Court, on June 17, 2011, defendant PHS served

---

[1] MDOC does not appear to be named as a party in plaintiff's form complaint or in his amended complaint, although Dr. Pandya, an MDOC official, is named in his official capacity. Nevertheless, counsel for the MDOC filed an appearance on November 30, 2010.

on plaintiff a request for production asking plaintiff to complete a medical authorization so PHS could obtain plaintiff's medical records from the MDOC and other medical providers. *See* Def.'s Br., Ex. A. Plaintiff provided a response to PHS indicating that he was refusing to complete the medical records release authorization because PHS failed to: (1) indicate for what purpose the information would be used; (2) state how his privacy would be protected if he signed the release; and (3) comply with Rule 34 by describing with particularity the items of discovery sought. Plaintiff also objected on the ground that the request was overly broad, and that the medical records request should be limited to the dates and times listed in his suit. *See id.*, Ex. B. On July 27, 2011, counsel for PHS sent a letter to plaintiff responding to each of his concerns. In particular, the letter noted that the authorization itself prohibited any redisclosure of the information obtained, and thus that disclosure of the records would be limited to counsel. *See id.*, Ex. C. Plaintiff again responded by refusing to sign the release. *See id.*, Ex. D.

    PHS filed this motion to compel on August 29, 2011. Defendant contends that because plaintiff has brought claims relating to his medical care and placed his physical condition in issue, the medical records are relevant and discoverable under Rule 26. Plaintiff filed a response on September 27, 2011. He argues that he has not placed his physical condition in issue, and that defendants should be entitled only to the medical records relating to the specific dates and times upon which his claims are based, as set forth in the amended complaint. For the reasons that follow, defendant's motion will be granted.

        Rule 26 sets forth the scope of discovery in federal courts. Pursuant to the rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and the court may also "order discovery of any matter relevant to the subject

matter involved in the action." FED. R. CIV. P. 26(b)(1). The rule further explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26(b)(1) "encourage[s] the exchange of information through broad discovery." *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004); *see also*, *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 627-28 (N.D. Okla. 2009) ("Rule 26(b)(1) defines a broad scope of discovery."); *Seales v. Macomb County*, 226 F.R.D. 572, 575 (E.D. Mich. 2005) (Whalen, M.J). The relevancy standard set forth in Rule 26(b)(1) "is commonly recognized as one that is necessarily broad in its scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Security Plans, Inc. v. CUNA Mutual Ins. Society*, 261 F.R.D. 4, 8 (W.D.N.Y. 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also*, *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, 259 F.R.D. 645, 648-49 (S.D. Fla. 2009).

Notwithstanding the broad reach of Rule 26(b)(1), a court may, upon motion of a party and "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," such as an order limiting or prohibiting discovery of certain matters or limiting subsequent disclosure of information produced in discovery. FED. R. CIV. P. 26(c)(1). Under Rule 26(c)(1), "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also*, *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001). Similarly, where a party resists discovery on the basis of privilege, "[t]he withholding party bears the burden of proving the materials are privileged or protected from discovery." *Cunningham v. Smithkline*

3

*Beecham*, 255 F.R.D. 474, 480 (N.D. Ind. 2009); *The Navajo Nation v. Peabody Holding Co., Inc.*, 255 F.R.D. 37, 46 (D.D.C. 2009); *In re Commercial Money Center, Inc., Equipment Lease Litig.*, 248 F.R.D. 532, 539 (N.D. Ohio 2008).

Although plaintiff suggests that his medical records are privileged, this is not so. Because plaintiff asserts federal claims against defendant, federal privilege law applies. *See Unger v. Cohen*, 125 F.R.D. 67, 69 (S.D.N.Y. 1989) (citing cases) (Under FED. R. EVID. 501, "[q]uestions of federal privilege in cases involving federal claims are governed by federal law."). "Federal courts do not recognize a physician-patient privilege." *United States v. Perryman*, 14 Fed. Appx. 328, 329 (6th Cir. 2001) (citing *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992); *see also*, *United States v. Bek*, 493 F.3d 790, 801-02 (7th Cir. 2007). Thus, the only question is whether the information sought is relevant under Rule 26. Here, the nature of plaintiff's claims–deliberate indifference to his medical needs–makes his entire medical treatment history at the prison relevant. To obtain relief on his medical care claims, plaintiff must show both that he suffered from an objectively serious medical need, and that defendant was, subjectively, deliberately indifferent to that medical need. The entirety of plaintiff's medical treatment history is reasonably likely to contain information relevant to whether he suffers from a serious medical need, and the entire course of treatment is relevant to a determination of whether defendant was deliberately indifferent to that need. As the Court has previously explained, "by raising issues of denial of access to appropriate medical treatment by Defendant[], Plaintiff has clearly placed into contest all of his medical history," and "[p]laintiff's allegations bring his physical condition and medical records into question and make Plaintiff's health records a legitimate source of inquiry and investigation into the factual basis of his claims." *Davis v. Caruso*, No. 07-CV-11740, 2009 WL 931165, at *5 (E.D. Mich. Mar. 31, 2009)

(Komives, M.J.) (internal quotations omitted); *see also*, *McCormick v. Brzezinksi*, No. 08-CV-10075, 2008 WL 4965343, at * (E.D. Mich. Nov. 18, 2008) (Cleland, J.) ("[G]iven that Plaintiff has put her medical condition at issue in this litigation, Defendants are entitled to discovery regarding Plaintiff's medical condition in order to properly defend this matter.").[2]

Accordingly, it is ORDERED that defendant PHS's motion to compel is hereby GRANTED. It is further ORDERED that plaintiff shall sign and return an authorization permitting release of his prison medical records to counsel for PHS with 14 days of receipt thereof from defendant. Finally, it is ORDERED that any information obtained pursuant to the release shall not be disclosed by counsel to any other person or party other than employees of counsel or experts retained by defendant, and that such persons shall likewise be bound by this protective order. Any records filed with the Court by defendant shall be filed under seal. Plaintiff is advised that failure to sign the authorization could result in the imposition of sanctions under Rule 37, up to and including dismissal of the complaint.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/10/12

---

[2]Copies of these unpublished opinions are attached as exhibits to defendant's motion, which was served on petitioner. Accordingly, the Court does not attach copies here.

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 10, 2012.
>
> s/Eddrey Butts
> Case Manager