UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JAMAL SANDERS
(MDOC #249473, MCJ #347024),

                                    CASE NO. 2:10-CV-12846
          Plaintiff,         JUDGE GERALD E. ROSEN
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

v.

PRISON HEALTH SERVICE, INC. and
MICHIGAN DEPARTMENT OF CORRECTIONS,

          Defendants,
                                         /

**ORDER SETTING DEADLINE FOR PLAINTIFF'S RESPONSE TO PHS'S MAY 1, 2012
MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 67)**

**A.    PHS Is The Only Remaining Defendant.**

On July 20, 2010, while he was incarcerated at Mound Correctional Facility (NRF) in Detroit, Michigan, plaintiff Howard Jamal Sanders (#249473) filed the instant lawsuit against defendants Prison Health Services, Inc. (PHS); Richard Hallworth;[1] Lawrence H. Pomeroy;[2] Haresh B. Pandya; and the Michigan Department of Corrections (MDOC) (Regional Medical Office or Bureau of Health Care).  Doc. Ent. 1 at 1-9.

On August 6, 2010, plaintiff filed a verified amended complaint, wherein he named PHS, Hallworth, Pomeroy, Pandya and the MDOC (Regional Medical Office or Bureau of Health

---

[1]Rich Hallworth is the President and Chief Executive Officer of PHS Correctional Healthcare.  *See* www.phscorrections.com, "Our People."

[2]Lawrence H. Pomeroy is the President, State Corrections, for PHS.  *See* www.phscorrections.com, "Our People," "Current Leadership."

Care) as defendants. Doc. Ent. 7 at 1-8.[3] On August 30, 2010, Judge Rosen entered an order of partial dismissal, wherein he summarily dismissed defendants Hallworth, Pomeroy and Pandya but concluded that plaintiff had stated an arguable claim against defendant PHS. Doc. Ent. 10.[4]

Judge Rosen referred this case to me to conduct pretrial matters. Doc. Entries 13, 39. On June 8, 2011, I entered a scheduling order setting the discovery deadline for September 8, 2011 and the dispositive motion deadline for October 8, 2011. Doc. Ent. 40.

On February 29, 2012, Judge Rosen entered an order (Doc. Ent. 64) adopting my September 7, 2011 report and recommendation (Doc. Ent. 56), granting the MDOC's June 16, 2011 motion to dismiss (Doc. Ent. 43), denying plaintiff's July 14, 2011 motion for summary judgment (Doc. Ent. 48), dismissing plaintiff's claims against the MDOC, and denying plaintiff's August 1, 2011 motion for appointment of counsel (Doc. Ent. 51).

**B.    Pending Motions**

Currently, plaintiff is incarcerated at the Macomb County Jail (MCJ), where he has been assigned No. 347024. Doc. Entries 66, 70.[5] There are two (2) motions pending before the Court.

---

[3]Attached to the amended complaint are MDOC Health Care Requests from Mound Correctional Facility (NRF) and Ryan Correctional Facility (RRF) (Doc. Ent. 7 at 9-13), grievance materials (Doc. Ent. 7 at 14-21), and a letter to Judge Rosen from plaintiff, wherein he seeks to amend his complaint (Doc. Ent. 7 at 22).

[4]On June 16, 2011, PHS filed an answer (Doc. Ent. 41) to plaintiff's amended complaint (Doc. Ent. 7).

[5]Although plaintiff's assigned location is the G. Robert Cotton Correctional Facility (JCF), his status is listed as released to court on writ (03/09/12). *See* www.michigan.gov/corrections, "Offender Search."

On May 1, 2012, PHS filed a motion for summary judgment. Doc. Ent. 67 at 1-18. Therein, PHS argues:

> (1) PHS Was Not Responsible for Nursing Care, Dental Care the Scheduling of Appointments or the Delivery of Plaintiff's Glasses.
>
> (2) No Policy or Procedure of PHS Caused or Contributed To Plaintiff's Complaints.
>
> (3) The Record Establishes No Claim for Deliberate Indifference On the Part of the One PHS Provider Who Attended Plaintiff.
>
> (4) Plaintiff Failed to Exhaust His Administrative Remedies.

Doc. Ent. 67 at 5.[6]

On the same day, PHS filed a motion for qualified protective order and to seal Exhibit A-1 (Doc. Ent. 68 at 1-5), attached to which is a proposed order (Doc. Ent. 68-1 at 1-2) on motion to seal Exhibit A-1 to PHS's brief in support of motion for summary judgment.

PHS also filed a sealed Exhibit A-1 - Selected Portions of Medical Records (Doc. Ent. 69 at 1-12).

**C.    Order**

Accordingly, plaintiff has up to and including Friday, June 8, 2012, by which to file any response to defendant PHS's May 1, 2012 motion for summary judgment (Doc. Ent. 67). PHS shall file any reply in accordance with E.D. Mich. LR 7.1.

---

[6]Attached to this motion are (A) the Affidavit of Harriett Squier, M.D. (Doc. Ent. 67-2); (A-1) Selected Portions of Medical Records (Doc. Ent. 67-3); (B) the Affidavit of Eugene Mitchell (Doc. Ent. 67-4); (C) the Affidavit of Richard D. Russell (Doc. Ent. 67-5); (C-1) MDOC Grievance Procedure (Doc. Ent. 67-6); and (C-2) Plaintiff's Grievance Records (Doc. Ent. 67-7).

As plaintiff requests in his May 2, 2012 filing (Doc. Ent. 70), the Clerk of the Court is DIRECTED to serve upon plaintiff, along with this order, a copy of PHS's September 21, 2011 motion to extend the time in which dispositive motions may be filed (Doc. Ent. 59).[7]

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: May 9, 2012         s/Paul J. Komives
                           PAUL J. KOMIVES
                           UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record electronically and/or by U.S. mail.

                           s/Michael Williams
                           Relief Case Manager to the Honorable
                           Paul J. Komives

---

[7] On October 5, 2011, I granted PHS's motion for extension. Doc. Ent. 61.